# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**CAMILLE N. BROWN**
**BOATSWAIN'S MATE THIRD CLASS (E-4), U.S. NAVY**

**NMCCA 201300340**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 6 June 2013.
**Military Judge:** CDR Michael Luken, JAGC, USN.
**Convening Authority:** Commanding Officer, Naval Station Norfolk, Norfolk, VA.
**Staff Judge Advocate's Recommendation:** LT J.L. Pollio, JAGC, USN.
**For Appellant:** CAPT Stephen White, JAGC, USN.
**For Appellee:** Maj Crista Kraics, USMC.

**28 February 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

The appellant, a Navy third class petty officer with four years' active service, pleaded guilty at a special court-martial to two specifications of unauthorized absence (UA), two specifications of making a false official statement, larceny, and six specifications of dishonorably failing to pay debts,[1] in

---
[1] The appellant was charged with six specifications of uttering checks while failing to maintain sufficient funds in violation of Article 123a, UCMJ. Pursuant to the pretrial agreement (PTA), she entered pleas of guilty to "a

violation of Articles 86, 107, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 907, 921, and 934.  The military judge sentenced the appellant to five months' confinement, reduction to pay grade E-1, and a bad-conduct discharge.  The convening authority (CA) approved the sentenced as adjudged, and except for the punitive discharge, ordered the sentence executed.  A pretrial agreement had no effect on the sentence.

In her appeal, the appellant asserts two assignments of error: first, that the CA erred by taking action without a properly authenticated record of trial; and, second, that one of the guilty findings for UA is legally insufficient because her command authorized her leave.

After carefully considering the record of trial and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred.  Arts. 59(a) and 66(c), UCMJ.

## Authentication of the Record of Trial

As noted by the appellant in her brief, the authentication page included in the original record of trial was unsigned.

violation of Article 134, the lesser included offense [LIO] of dishonorable failure to maintain funds."  Record at 20; Appellate Exhibit X at 6-7.  In light of *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010) and *United States v. McMurrin*, 70 M.J. 15 (C.A.A.F. 2011), treating an Article 134 offense as lesser included to an enumerated offense is no longer viable.  Neither the military judge nor counsel discussed any related issues on the appellant's pleas or the jurisdiction of the court to entertain them.  Nevertheless, we find that the PTA, wherein the appellant agreed to plead guilty in exchange for sentence limitation and withdrawal of the greater Article 123a offenses, served as a constructive referral of the Article 134 offenses.  *United States v. Wilkins*, 29 M.J. 421, 424-25 (C.M.A. 1990); *see also United States v. Ballan*, 71 M.J. 28, 32-33 (C.A.A.F. 2012) (holding that a guilty plea pursuant to a PTA to the Article 134 offense of indecent acts with a child in lieu of the charged offense of rape of a child was the "functional equivalent" of referral of the Article 134 offense) (citing *Wilkins*, 29 M.J. at 424).  We also find that the appellant's provident pleas to the Article 134 specifications, to include the terminal element, rendered harmless any lack of formal notice from a properly pleaded Article 134 specification.  *Ballan,* 71 M.J. at 35-36.  Appellate review is better served with an on-the-record discussion of the impact of *Jones* on pleas such as these and whether under the circumstances there lies any jurisdictional defect or deficiency of notice.

2

However, in a December 2013 filing, the Government submitted a signed copy of the authentication page for inclusion in the record.[2]  This signed authentication page matched the unsigned copy in the record.  However, as pointed out by the appellant, a separate military judge presided at arraignment, and the military judge who signed the authentication page did not announce his substitution on the record.  Based on our review of the record, we are satisfied that the military judge who presided at trial authenticated the record.[3]  As it now stands, the record is properly authenticated save for the unauthenticated arraignment session.  We find this error to be *de minimis* in light of the fact that at arraignment the appellant reserved forum selection, motions and pleas.  Additionally, the appellant avers no related prejudice, and we find none.  Accordingly, we decline to grant relief.

### Legal Sufficiency of Charge I, Spec 1 (UA)

In February 2012, the appellant requested maternity leave from her command after falsely representing that she gave birth on 17 February 2012.  During the providence inquiry, she explained to the military judge that she miscarried in September 2011, but told no one at her command.  With her leave request, she included a forged proof of birth letter from a local hospital listing the above birth.  Based on her false representations, her command granted her maternity leave from 19 February to 2 April 2012 when she returned to duty. Relying on *United States v. Legaspi*, 1995 CCA LEXIS 93 (A.F.Ct.Crim.App. 1995),[4] the appellant next argues that her conviction for UA based on her period of maternity leave is legally insufficient because her command authorized her leave, albeit under false pretenses.  She maintains that her leave was authorized despite her misrepresentations, and at most she is guilty of making a false official statement.

We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea *de novo*.  *United States v. Edwards*, 69 M.J. 375, 376 (C.A.A.F. 2011).  "'In doing so, we apply the substantial basis test, looking at whether there is something in

---

[2] Government Consent Motion to Attach of 16 Dec 2013.

[3] Record at 16; AE XIII.

[4] In *Legaspi*, the Air Force Court found improvident a guilty plea to attempted unauthorized absence wherein the appellant obtained leave authorization through a falsified Red Cross message.  1995 CCA LEXIS 93 at *6.

3

the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea.'" *Id.* (quoting *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008)).

We recently evaluated a similar claim in *United States v. Hall*, No. 201200219, 2013 CCA LEXIS 46, unpublished op. (N.M.Ct.Crim.App. 31 Jan 2013) (per curiam), *rev. denied*, 72 M.J. 395 (C.A.A.F. 2013). In *Hall*, we rejected the Air Force's reasoning in *Legaspi* and instead agreed with the Army Court of Criminal Appeals' decision in *United States v. Duncan*, 60 M.J. 973, 976 (Army Ct.Crim.App. 2005). *Hall*, 2013 CCA LEXIS 46 at *6-7. In *Duncan*, the Army Court held that "[a]n absence . . . is 'without authority' if it is preceded by the use of false statements, false documents, or false information provided by or on behalf of an accused." *Duncan*, 60 M.J. at 976.

Undeterred, the appellant urges us to distinguish *Hall* and *Duncan* from her case because throughout her maternity leave she remained where she was supposed to be -- presumably, at home -- and under military control. In support of her argument, she cites *United States v. Hale*, 42 C.M.R. 342 (C.M.A. 1970), for the proposition that "[i]f the absence is authorized, even though erroneously, military control is not lost, inasmuch as the serviceman is where he authorized to be and remains amenable to military orders." *Hale*, 42 C.M.R. at 349 (citation omitted).

We find *Hale* to be a very different case. In *Hale*, the Army sent 2LT Hale home on leave awaiting further orders. After a year of waiting but receiving no orders, 2LT Hale returned to Fort Hood and asked for further information, at which point he was detained. Eventually, he was prosecuted for conduct unbecoming an officer and a gentleman in violation of Article 133, UCMJ, for his failure to return to military control and notify the Army that no orders had been received in over a year. But in overturning his conviction, the Court of Military Appeals held that 2LT Hale's absence was authorized, however erroneously, and thus he remained under military control.

Notably, however, 2LT Hale did not obtain leave through false pretenses, nor was he prosecuted for unauthorized absence. In the instant case, the appellant admitted to securing her maternity leave through a forged certificate of live birth. This document, and her claim that she had given birth, were totally false and known by the appellant to be totally false. As we held in *Hall*, we so hold here – an appellant should not receive the benefit of a legitimate leave authorization if

4

procured through fraudulent means.  In sum, nothing in the record presents us with a substantial basis in law or fact for questioning the providence of the appellant's guilty plea.

## Conclusion

Accordingly, we affirm the findings and the sentence as approved by the CA.

For the Court

R.H. TROIDL
Clerk of Court