**UNITED STATES, Appellant,**

v.

**Frank WILKINS, Jr., Sergeant, U.S. Army, Appellee.**

No. 63,119.

CM 8802234.

U.S. Court of Military Appeals.

Feb. 26, 1990.

For Accused: *Captain Jeffrey J. Fleming* (argued); *Colonel Robert B. Kirby* and *Lieutenant Colonel Russell S. Estey* (on brief); *Captain Thomas A. Sieg.*

For the U.S.: *Major Gary L. Hausken* (argued); *Colonel Alfred F. Arquilla* and *Lieutenant Colonel Daniel J. Dell'Orto* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Wilkins was charged with eight specifications of larceny of audiovisual equipment from the Army & Air Force Exchange System, in violation of Article 121 of the Uniform Code of Military Justice, 10 U.S.C. § 921, and with false swearing, in violation of Article 134, UCMJ, 10 U.S.C. § 934. At his trial by a military judge sitting as a general court-martial, he pleaded guilty to the false swearing and also pleaded guilty, by exceptions and substitutions, to eight specifications of receiving the equipment he was charged with stealing, knowing it had been stolen. After findings of guilty had been entered in accordance with his pleas, Wilkins was sentenced to a dishonor-

able discharge, confinement for 8 years, total forfeitures, and reduction to the grade of Private E–1. The sentence was approved, but execution of some of the forfeitures was suspended. Thereafter, the Court of Military Review set aside the findings of guilty of receiving stolen property and the sentence, and authorized a rehearing. 28 MJ 992 (1989).

The Acting the Judge Advocate General filed a certificate with this Court requesting review of these three issues:

## I

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN HOLDING THAT THE COURT–MARTIAL WAS WITHOUT JURISDICTION TO ENTER FINDINGS WHERE APPELL[EE] PLED TO AN OFFENSE CLOSELY RELATED TO THE CHARGED OFFENSE.

## II

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY FINDING THAT THE OFFENSE TO WHICH APPELL[EE] PLED WAS NOT PROPERLY WITHIN THE JURISDICTION OF THE COURT–MARTIAL WHERE THE FACTS INDICATE THAT THE CONVENING AUTHORITY'S ACTIONS AMOUNTED TO A "CONSTRUCTIVE REFERRAL" OF THE OFFENSE TO THE COURT–MARTIAL.

## III

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY REFUSING TO APPLY THIS COURT'S HOLDING IN *UNITED STATES V. EPPS*, 25 MJ 319 (CMA 1987).

## I

On September 1, 1988, the charges originally were referred to trial by general court-martial. A week later, Wilkins submitted an offer to plead guilty to false swearing and to wrongfully receiving stolen property—rather than stealing it.

On September 16, the convening authority accepted this offer. However, he did not specifically order that the stolen property charges be referred to trial; and the charge sheet was not endorsed, amended, or otherwise altered to indicate that a charge of receiving stolen property had been referred to trial. On September 30, when trial began, Wilkins entered his guilty pleas in accordance with the pretrial agreement. During the military judge's inquiry into the providence of the pleas, this discussion ensued:

MJ: And, I take it, it is the conscious decision of the defense to enter a plea as to an offense to which the government has not entered a pleading and which not is—and which is not a lesser included offense?

DC: Yes, sir, it is.

MJ: So, it's the intent of the defense to enter a plea to an offense for which the accused is not even standing trial as reflected by the charge sheet?

DC: Yes, sir, that's correct.

MJ: And, that is your desire, Sergeant Wilkins?

ACC: Yes, it is, sir.

MJ: Now, at this time I will conduct an inquiry and I will explain to you, Sergeant Wilkins, fully the meaning and effect of your plea of guilty, and I will conduct an inquiry so that I can determine whether or not you actually are, in fact, guilty. I suggest that as we proceed through this session that, probably, you hold a copy of the Plea Sheet as used by your counsel, rather than the charge sheet, *since the two don't seem to have any relationship at all.*

(Emphasis added.)

The military judge recognized that receiving stolen property is not a lesser-included offense to larceny and so stated. Nonetheless, the judge continued with the providence inquiry and determined that there were sufficient facts to support the pleas and that Wilkins was willing to admit

to the truth of those facts. Subsequently, the judge entered these findings:

MJ: Now, I don't know that there is any requirement that I have to actually formally read the finding of the court verbatim, since the finding of the court would match identically with the set—with what is set forth in the Plea Sheet, but for the substitution of the word "Of" in the place of the word "To" at the start of each particular finding. If counsel for either side feels that there is some requirement that I actually read the finding of the court verbatim, I will be happy to do so. There is the additional change that—with regard to the Specification of Charge II and the—Charge II, the finding would be:

Of the Specification and Charge II—GUILTY.

But, otherwise, there does not appear to me to be any necessity for me to read this in open court, unless counsel for either side feels that I—that I should.

TC: The government does not. Your Honor.

DC: Sir, the defense does not require that.

MJ: Do you see any reason, Sergeant Wilkins, why I should read it?

ACC: No, sir.

MJ: I would read what is contained in Appellate Exhibit IV, pages three—or, two, three and four. I would read those pages verbatim as they are typed there, substituting the word "Of" for the word "To" at the start of each finding. And that is, in fact, the finding of the court, and the finding of the court would be in accordance with your plea of guilty.

Therefore, in accordance with your plea of guilty—this court finds you as I have stated, in accordance with your plea of guilty, guilty of those offenses to which you have pled guilty.

## II

The Court of Military Review reasoned that the court-martial had no jurisdiction to find Wilkins guilty of receiving stolen property, because no such charge had been properly referred to the court-martial for trial. According to the court below,

referral of a charge to a court-martial is a jurisdictional requisite similar in magnitude and importance to the four others listed in R.C.M. 201(b)[, Manual for Courts-Martial, United States, 1984]. The power to refer a case to trial is personal to the convening authority and therefore may not be exercised by another individual or agency. Moreover, the exercise of that power is not unlimited as the referral decision may not be made arbitrarily or frivolously but must have reasonable grounds to support it. While certain pretrial procedures involved in the referral process as they pertain to general courts-martial are waivable, there is nothing to indicate that the nondelegable decision to refer a charge to trial is waivable as well. Making major changes to charges or specifications after referral by adding offenses is permissible provided the accused does not object or else charges must be preferred anew.

28 MJ at 995.

Therefore, the Court of Military Review concluded that "a court-martial may not find an accused guilty by exceptions and substitutions of an offense not included in one charged when that finding substantially changes the nature of the offense. Article 79, UCMJ, 10 U.S.C. § 879; R.C.M. 918(a)(1)." 28 MJ at 995–96.

## III

Article 34 of the Uniform Code of Military Justice, 10 USC § 834, provides that, "[b]efore directing the trial of any charge by general court-martial, the convening authority shall refer it to his staff judge advocate for consideration and advice." We infer from this language that charges are not to be tried by a general court-martial unless a convening authority has referred them to the court-martial for trial. Indeed, upon considering Articles 22, 23, and 24 of the Code, 10 U.S.C. §§ 822, 823, and 824, respectively, in the context of the

history of American courts-martial, we are sure that a court-martial—general, special, or summary—may only consider cases referred to it by the officer who convened the court-martial or by his successor in command. The Uniform Code of Military Justice—like the Articles of War and the Articles for the Government of the Navy—never contemplated that a court-martial would dispose of cases that had not been referred to it by the officer who convened the court or by his successor in command. Consistent with the legislative intent, this Court has emphasized on many occasions that the appointment of the court-martial members, *United States v. Ryan*, 5 MJ 97, 100–101 (CMA 1978); *United States v. Kemp*, 22 USCMA 152, 154–55, 46 CMR 152, 154–55 (1973), and the referral of charges to trial by court-martial, *United States v. Simpson*, 16 USCMA 137, 139, 36 CMR 293, 295 (1966), require the personal decision of the convening authority, which cannot be delegated.

RCM 201(b)(3) provides: "Each charge before the court-martial must be referred to it by competent authority." Only the convening authority or his successor in command is "competent" to refer charges to a court-martial, *see* RCM 103(6) and 601(b); and so, as recognized in the Drafters Analysis, "a court-martial has power to dispose only of those offenses which a convening authority has referred to it." Manual, *supra* at A21–7 (Change 3).

■ RCM 601(a) defines "[r]eferral" as "the order of a convening authority that charges against an accused will be tried by a specified court-martial." Although the order is a jurisdictional prerequisite, the form of the order is not jurisdictional. Therefore, if the convening authority issued an order—however informal, oral or written—that a charge against Wilkins of receiving stolen property with eight specifications be tried by the same court-martial which ultimately entered the findings of guilty, then jurisdiction existed to enter findings on that charge. The failure to obtain an opinion from the staff judge advocate, as required by Article 34 of the

Code, was nonjurisdictional and could be waived by Wilkins. *United States v. Murray*, 25 MJ 445 (CMA 1988). Likewise, he could waive the swearing to the charges against him, as long as it was clear what charges were to be considered by the court-martial. *See* RCM 603(d).

■ Having this in mind, we conclude that the convening authority's entry into the pretrial agreement, which provided for pleas of guilty to the eight specifications of receiving stolen property, was the functional equivalent of an order by the convening authority that the charges be referred to the court-martial for trial. Certainly the convening authority was aware that, unless the charges were referred, the agreement could not be implemented; and so, by entering into the agreement, he authorized the taking of the necessary steps for the court-martial to consider the charge of receiving stolen property. The convening authority, on the one hand, and Wilkins and his defense counsel, on the other, were aware that the court-martial could not enter the findings of guilty contemplated by the pretrial agreement unless the court-martial had jurisdiction over the receiving charge, and it could not have jurisdiction unless that charge was referred to the court-martial by the convening authority. Implicit in the convening authority's personal decision to enter into the pretrial agreement was his personal decision that the receiving charge be referred to the general court-martial where the larceny charges were pending.

■ The purpose of charges and specifications is to provide notice to an accused as to the matters against which he must defend and to protect him against double jeopardy. Certainly in this case, Wilkins had that notice because, as a practical matter, he and his counsel had drafted the charges to which he pleaded guilty. Likewise, he cannot complain that the charges were not sworn to by an accuser or considered by a staff judge advocate or investigated by an Article 32, UCMJ, 10 USC

§ 832, officer. Indeed, in a sense, Wilkins became the accuser by prescribing the language of the charge to which he would plead guilty.

With this in mind, we conclude that, even though the practice followed was irregular, any such irregularity was waived by the defense. Indeed, the usual court-martial procedure was modified by and for the benefit of the accused; and under such circumstances, he cannot complain after trial. Accordingly, we must answer the first two questions in the affirmative, so there is no occasion to consider the third question.

IV

The decision of the United States Army Court of Military Review as to Charge I and its specifications; the Additional Charge and its specifications; and the sentence is reversed. The findings of guilty thereon and the sentence are reinstated. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866.

Judges COX and SULLIVAN concur.