UNITED STATES, Appellee,

v.

Staff Sergeant Tony M. THOMPSON,
554–29–6594, United States
Army, Appellant.

ACMR 8903505.

U.S. Army Court of Military Review.

31 Aug. 1990.

For Appellant: Captain Jeffrey J. Fleming, JAGC, Captain Gregory A. Gross, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC, Captain Gary A. Khalil, JAGC (on brief).

Before De GIULIO, DELINE and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

In accordance with his pleas, appellant was found guilty by a military judge sitting as a general court-martial of four specifications of violation of a regulation (black marketing cigarettes), one specification of obstruction of justice, and three specifications of soliciting others to violate a regulation (black marketing cigarettes) in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for fourteen months, forfeiture of all pay and allowances, and reduction to Private E1. In light of a pretrial agreement promising to suspend any confinement over twelve months and not to approve a fine, the convening authority approved only a bad-conduct discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to Private E1.

Before this court, appellant alleges that the court-martial lacked jurisdiction to try appellant for the obstruction of justice and the three solicitation offenses because the charges were not properly referred. The charges in question were originally preferred on 6 September 1989. In the obstruction of justice specification, the appel-

lant was listed as the owner of a ration card which he advised another soldier, Specialist A, "to lose or dispose of [sic]." In fact, the ration card belonged to Specialist A. Following referral of the charges and specifications to trial on 22 September 1989, the specification was amended by substituting Specialist A's name for appellant's as an owner of the ration card. The three solicitation offenses were amended by adding the citation of the specific regulations that appellant sought other soldiers to violate and by adding the names of soldiers who were to purchase rationed items for appellant. On 26 October 1989, after the aforementioned changes were made, the convening authority re-referred the case to trial. On 27 October 1989, appellant made a written offer to plead guilty. Included was an offer to waive the Article 32, UCMJ, investigation. Attached to the offer were the specifications to which the accused offered to plead guilty, among them the amended specifications in question. On 31 October 1989, the convening authority approved appellant's pretrial offer.

At trial, defense counsel moved that the charge and its specifications be dismissed because the changes to them were major which required them to be repreferred. As a consequence, it was contended that the re-referral was improper. As to the obstruction of justice specification, the military judge found the change to be minor. As to the solicitation allegations, he stated:

"[t]he solicitation specifications are sure poorly written. The underlying conduct is clearly spelled out. The accused is certainly on notice of the conduct, but he's not really on notice that it was a violation of a regulation, which is an element and which is the gravamen of the offense, even though it's really a black marketing type of thing.

Well, I'm satisfied with respect to Charge II and its specification, the four of them, that if the government repre-

fers them we can proceed and the government doesn't have to go back to the convening authority a third time. The convening authority has certainly manifested his intention to attempt to have these cases tried by a court-martial. He's done that in [the supplemental pretrial advice]."

The military judge then gave trial counsel a recess to reprefer charges. The charges were repreferred and trial proceeded.

■ Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 603(d) [hereinafter R.C.M.] provides, "[m]ajor changes. Changes or amendments to charges or specifications other than minor changes may not be made over the objection of the accused unless the charge or specification affected is preferred anew."[1] Where the accused objects and the charge is already referred, a new referral is necessary, and a new Article 32, UCMJ, investigation may be required if the charge as amended was not covered by the prior investigation.[2] *See* R.C.M. 603(c) discussion.

■ In the case before us, we believe that appellant waived any irregularities in the pretrial processing of the case. *See United States v. Wilkins*, 29 M.J. 421 (C.M.A.1990). Subsequent to the changes, appellant submitted a pretrial agreement to the convening authority which was approved. One provision of the agreement was that the appellant waived the Article 32, UCMJ, investigation. Appellant cannot now complain that he was denied the investigation. Further, he attached copies of the charges, as changed, to which he offered to plead guilty. The convening authority's entry into the pretrial agreement was the functional equivalent of an order by the convening authority that the charges be referred to trial. *Wilkins*, 29 M.J. at 424. We need not rely solely on *Wilkins* because the same amended charges were re-referred by the convening authority on 25 October 1989.

---

1. Because of our holding in this case, it is unnecessary to determine if the changes were major or minor in nature.

2. This is a far cry from the Manual for Courts–Martial, 1951, United States, paragraph 29e which provided, "[i]n no case may an accused be tried on unsworn charges over his objection."

■ The only remaining procedure which may have been lacking was to prefer the charges anew. The repreferring of the charges during the recess at trial corrected any deficiency which may have existed. We conclude that the charges were properly referred to trial. The court had jurisdiction to try appellant on all charges to include Charge II and its four specifications.

We have examined the issue personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982) and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Judge DELINE and Judge VARO concur.