CRAWFORD, Chief Judge
(dissenting):
The majority holds that the lesser-included charge of negligently hazarding a vessel was *355 “fatally tainted” by the lack of jurisdiction for the greater charge. On the contrary, the convening authority’s derivatively defective referral of the lesser-included charge constituted waivable, nonjurisdictional error, which not only failed to prejudice Appellant, but actually benefited him. For this reason, I respectfully dissent from the lead opinion.
“[I]t is well established that a defective referral ... does not constitute jurisdictional error.” United States v. King, 28 M.J. 397, 399 (C.M.A.1989). Indeed, this Court has repeatedly opined that errors in the referral process are not jurisdictional. In King, we held that the trial of an accused by a court-martial panel other than the one to which the case had been referred was nonjurisdictional error. Id. In United States v. Kohut, 44 M.J. 245, 250 (C.A.A.F.1996), this Court found nonjurisdictional error in the trial of a case by court-martial without approval of the Judge Advocate General after the same case had been previously tried by the state. In United States v. Hayward, 47 M.J. 381, 383 (C.A.A.F.1998), we held that the post-arraignment referral of a second charge was nonjurisdictional error. Finally, this Court found nonjurisdictional error in the convening authority’s failure to forward charges against the accused to the next higher level of command when that convening authority was an accuser, and therefore prohibited from convening the court-martial. United States v. Jeter, 35 M.J. 442, 446 (C.M.A.1992); see United States v. Tittel, 53 M.J. 313, 314 (C.A.A.F.2000); United States v. Shiner, 40 M.J. 155, 157 (C.M.A.1994).
Importantly, errors which are nonjurisdictional, such as defective referrals, “are normally waived when they are not timely raised at trial.” United States v. Joseph, 11 M.J. 333, 335 (C.M.A.1981). Moreover, a guilty plea “waives all nonjurisdictional defects in all earlier stages of the proceedings against an accused.” United States v. Lopez, 20 C.M.A. 76, 78, 42 C.M.R. 268, 270 (1970). Because Appellant in this case failed to object at trial, and in fact pled guilty to the lesser-included offense after the initial defective referral, he waived the error and, having done so, must demonstrate prejudice to prevail on appeal. Hayward, 47 M.J. at 383.
In United States v. Wilkins, 29 M.J. 421 (C.M.A1990), the appellant was charged with specifications of larceny, but under the terms of a pretrial agreement pleaded guilty to receiving stolen property. Although the convening authority accepted the plea offer, he did not order the stolen property charges referred to trial. The lower court found the court-martial did not have jurisdiction to find the appellant guilty of receiving stolen property “because no such charge had been properly referred to the court-martial for trial.” Id. at 423. This Court reversed, holding that the convening authority’s entry into the pretrial agreement was the “functional equivalent of an order by the convening authority that the charges be referred to the court-martial for trial.” Id. at 424.
The convening authority, on the one hand, and [the appellant] and his defense counsel, on the other, were aware that the court-martial could not enter the findings of guilty contemplated by the pretrial agreement unless the court-martial had jurisdiction over the receiving charge, and it could not have jurisdiction unless that charge was referred to the court-martial by the convening authority. Implicit in the convening authority’s personal decision to enter into the pretrial agreement was his personal decision that the receiving charge be referred to the general court-martial where the larceny charges were pending.
Id. The Court noted that the appellant had waived any post-trial claim of procedural irregularity, which in any event had failed to cause him prejudice: “Indeed, the usual court-martial procedure was modified by and for the benefit of the accused; and under such circumstances, he cannot complain after trial.” Id. at 425 (emphasis added).
Applying the Wilkins prejudice analysis to the case at bar, it is clear that Appellant suffered no harm whatsoever by the convening authority’s derivatively defective referral of the lesser-included charge. The majority observes that because it was never formally referred, the lesser-included “charge” of negligently hazarding a vessel never achieved the status of an independent charge, and *356 therefore inherited the defectiveness of the original referral. Even assuming defectiveness transferred in this manner, we must acknowledge that the transfer occurred by and for the benefit of Appellant, through the pretrial agreement. In other words, the convening authority’s initial improper referral of charges for a capital offense to a special court-martial was, through the pretrial agreement, “modified by and for the benefit of the accused” to secure conviction of a non-capital, and therefore much less severe, offense. Having reaped the great benefit of his own chosen bargain, Appellant cannot now complain that the charge originated defectively.
The majority relies upon United States v. Bancroft, 3 C.M.A. 3, 11 C.M.R. 3 (1953), in which this Court held that a special court-martial lacked jurisdiction over a charge of sleeping on post in the time of war, due to the convening authority’s failure to comply with prescribed requirements that would vest it with jurisdiction over a nonmandatory capital offense. In my view, Bancroft should not control this Court’s decision for two reasons. First, the more recent trend by this Court, embodied in King, is to treat referral defects as waivable, nonjurisdietional error. Moreover, the charges in Bancroft were referred for, and the accused convicted of, a capital offense. By contrast, in the present case, the derivatively defective referral secured Appellant’s conviction of a non-capital offense. Thus, far from being harmed by the convening authority’s error in this case, Appellant benefited from the resulting conviction of a much less severe offense.
Accordingly, I would hold that the convening authority’s defective referral in this case was waivable, nonjurisdietional error, the ultimate results of which benefited Appellant. Given the clear absence of prejudice, I would affirm the decision of the lower court.