UNITED STATES, Appellee

v.

Darrian S. NEALY, Private
U.S. Army, Appellant

No. 11-0615

Crim. App. No. 20100654

United States Court of Appeals for the Armed Forces

Argued December 13, 2011

Decided March 30, 2012

RYAN, J., delivered the opinion of the Court, in which ERDMANN and STUCKY, JJ., and EFFRON, S.J., joined.  BAKER, C.J., filed a separate opinion concurring in the result.


Counsel

For Appellant:  Captain Kristin B. McGrory (argued); Colonel Patricia A. Ham, Lieutenant Colonel Imogene M. Jamison, and Major Jacob D. Bashore (on brief).

For Appellee:  Captain Kenneth W. Borgnino (argued); Major Katherine S. Gowel and Major Amber J. Williams (on brief).

Military Judge:  Wendy P. Daknis


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge RYAN delivered the opinion of the Court.

A military judge, sitting alone as a general court-martial, convicted Appellant, pursuant to his pleas, of disobeying a noncommissioned officer, use of provoking speech,[1] assault with a deadly weapon, and communicating a threat, in violation of Articles 91, 117, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 891, 917, 928, 934 (2006). The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence and ordered that it be executed except for the bad-conduct discharge. The United States Army Court of Criminal Appeals (ACCA) summarily affirmed the findings of guilty and sentence. United States v. Nealy, No. ARMY 20100654, slip op. at 1 (A. Ct. Crim. App. May 16, 2011).

In this case, Appellant (1) pleaded guilty to an offense that is not, under this Court's decision in United States v. Jones, 68 M.J. 465 (C.A.A.F. 2010), a lesser included offense (LIO) of the charge referred to the court-martial, but which is listed as an LIO in the Manual for Courts-Martial, United States

---

[1] Relevant to Specified Issue I, Appellant was charged with two specifications of communicating a threat, violations of Article 134, UCMJ, not one specification of use of provoking language and one specification of communicating a threat, violations of Articles 117 and 134, UCMJ, respectively.

2

(MCM),[2] and (2) also pleaded guilty to a charged violation of Article 134, UCMJ, where the specification failed to allege either clause 1 or 2 of the terminal element of Article 134, UCMJ.[3]

First, we decline to divest the convening authority's properly convened court-martial of jurisdiction over referred charges or listed LIOs of those charges where the entire record suggests that everyone involved believed that the Article 117, UCMJ, offense was an LIO of the Article 134, UCMJ, offense, and that, therefore, the convening authority intended it to be referred to court-martial. Second, while it was error to fail to allege the terminal element of Article 134, UCMJ, expressly

---

[2] See MCM pt. IV, para. 110.d.(1) (2008 ed.).

[3] Appellant submitted a petition for a grant of review with no assignment of error, and, on August 15, 2011, this Court specified the following two issues:

> I. APPELLANT WAS CHARGED WITH COMMUNICATING A THREAT UNDER ARTICLE 134, BUT WAS CONVICTED PURSUANT TO HIS PLEA OF USING PROVOKING SPEECH IN VIOLATION OF ARTICLE 117. IN LIGHT OF UNITED STATES v. JONES, 68 M.J. 465 (2010) CAN THE CONVICTION BE SUSTAINED?

> II. WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN UNITED STATES v. RESENDIZ-PONCE AND RUSSELL v. UNITED STATES, AND THIS COURT'S RECENT OPINIONS IN MEDINA, MILLER, AND JONES.

United States v. Nealy, 70 M.J. 333 (C.A.A.F. 2011) (order granting review).

or by necessary implication, under the facts of this case, there was no prejudice to Appellant's substantial rights.

## I.    FACTUAL BACKGROUND

This case relates to a fight that took place on April 21, 2010, after a noncommissioned officer (NCO) overheard Appellant making a thinly veiled threat against him.  When the NCO attempted to disarm Appellant of a knife, Appellant stabbed the NCO in the back.  After this event, Appellant was taken into custody, and, on April 29, 2010, charges were preferred against Appellant.  As referred on June 2, 2010, by the convening authority to a general court-martial, Charge III alleged two specifications of communicating a threat, in violation of Article 134, UCMJ.

Prior to his court-martial proceedings, Appellant submitted an "Offer to Plead Guilty" and, after the convening authority rejected this offer, a "Revised Notice of Pleas and Forum."  In both of these documents, as to Charge III, Specification 1, Appellant offered to plead not guilty to the Article 134, UCMJ, offense, but guilty to the "lesser included offense" of provoking speech, in violation of Article 117, UCMJ.[4]  To Charge III, Specification 2, Appellant offered to plead guilty to the

---

[4] At all relevant times during the proceedings, Article 117, UCMJ, "provoking speech[]," was listed in the MCM as an LIO of Article 134, UCMJ, communicating a threat.  MCM pt. IV, para. 110.d.(1).

charged offense, but with minor changes to the language in the specification.

During the plea inquiry for Charge III, Specification 1, the military judge noted that Appellant was pleading guilty to an LIO of the charged offense and that Appellant had provided the draft specification for that violation. The military judge then informed Appellant of the elements of a violation of Article 117, UCMJ, and had him describe in his own words how his conduct satisfied those elements.

The military judge then conducted a plea inquiry for Charge III, Specification 2. When explaining the elements of communicating a threat in violation of Article 134, UCMJ, the military judge included and defined clauses 1 and 2 of the terminal element of Article 134, UCMJ. Appellant then admitted that his actions were "prejudicial to good order and discipline" and explained why he believed this to be true.

After the plea inquiry, the Government sought to prove Charge III, Specification 1, as charged, rather than acquiesce to Appellant's plea of guilty to the violation of Article 117, UCMJ. Notwithstanding the Government's efforts, the military judge convicted Appellant, pursuant to his plea, of the "lesser included offense of provoking speech in violation of Article 117, [UCMJ]."

## II.  JURISDICTION

As a threshold matter, we must address Appellant's claim that the court-martial did not have jurisdiction over the Article 117, UCMJ, offense of provoking speech that he himself drafted, because, under Jones, 68 M.J. 465, the offense to which he pleaded guilty is not in fact an LIO of the Article 134, UCMJ, offense that was referred to the court-martial. Therefore, Appellant reasons, the convening authority did not refer the Article 117, UCMJ, offense and the court-martial lacked jurisdiction to accept his plea of guilty to that specification.  We disagree.

"Jurisdiction is the power of a court to try and determine a case and to render a valid judgment.  Jurisdiction is a legal question which we review de novo."  United States v. Harmon, 63 M.J. 98, 101 (C.A.A.F. 2006) (quotation marks omitted); see also United States v. Alexander, 61 M.J. 266, 269 (C.A.A.F. 2005). "Generally, there are three prerequisites that must be met for courts-martial jurisdiction to vest:  (1) jurisdiction over the offense, (2) personal jurisdiction over the accused, and (3) a properly convened and composed court-martial."  Harmon, 63 M.J. at 101.

Appellant does not argue that the court-martial lacked subject matter jurisdiction over the offense under Article 18, UCMJ, 10 U.S.C. § 818 (2006), or that it lacked personal

jurisdiction over him under Article 2(a), UCMJ, 10 U.S.C. § 802(a) (2006).  Nor does he allege that the court-martial itself was improperly convened, Rule for Courts-Martial (R.C.M) 504, that it was convened by an unqualified authority, Article 22(a), UCMJ, 10 U.S.C. § 822(a) (2006), or that there was "any defect in the court's jurisdiction over the originally preferred charge," United States v. Henderson, 59 M.J. 350, 354 (C.A.A.F. 2004).

Instead, Appellant relies on a provision of the MCM, R.C.M. 201, "Requisites of court-martial jurisdiction," which provides that "[e]ach charge before the court-martial must be referred to it by competent authority."  R.C.M. 201(b)(3).  Referral is defined, generally, as "the order of a convening authority that charges against an accused will be tried by a specified court-martial."  R.C.M. 601(a).  This Court has held that where a particular charge or specification was not referred to a court-martial, either formally or informally, by the officer who convened the court-martial (or his successor in command), the court-martial lacks jurisdiction to enter findings over that charge or specification.  United States v. Wilkins, 29 M.J. 421, 424 (C.M.A. 1990).  The rationale that the Court provided is that, "in the context of the history of American courts-martial," it is the convening authority's personal decision, and

a prerequisite to jurisdiction, that a charge be referred to court-martial.  Id. at 423-24.

In Wilkins, the Court determined that the court-martial had jurisdiction over a charge where the convening authority referred one offense on the charge sheet, but entered into a pretrial agreement whereby he agreed to accept a plea of guilty from the appellant to a different charge that also was not an LIO of the original charge.  Id. at 424-25.  Discussing Wilkins, the Court in Henderson, 59 M.J. at 353-54, highlighted the fact that in Wilkins the convening authority had the authority to refer both the offense charged and the offense to which the appellant pleaded guilty, and that the court-martial had subject matter jurisdiction over both offenses.  Compare Wilkins, 29 M.J. at 424-25 (above), with Henderson, 59 M.J. at 353-54 (highlighting these aspects of Wilkins in order to distinguish its finding of jurisdictional error where the court-martial lacked subject matter jurisdiction over the offense charged, ab initio).

It is uncontested that the convening authority in this case had the authority to refer both the Article 117, UCMJ, and Article 134, UCMJ, offenses, and that the court-martial had subject matter jurisdiction over the offenses and personal jurisdiction over the accused.  Furthermore, we have held that when a convening authority refers a charge to a court-martial,

any LIOs of that charge are referred with it, and need not be separately charged and referred.  United States v. Virgilito, 22 C.M.A. 394, 396, 47 C.M.R. 331, 333 (1973); see also R.C.M. 307(c)(4) Discussion ("In no case should both an offense and a lesser included offense thereof be separately charged.").  This holding is consonant with other provisions of the UCMJ and the MCM.  See Article 79, UCMJ, 10 U.S.C. § 879 (2006) ("An accused may be found guilty of an offense necessarily included in the offense charged . . . ."); R.C.M. 910(a)(1) ("An accused may plead as follows:  guilty; not guilty to an offense as charged, but guilty of a named lesser included offense . . . ."); see also Article 59(b), UCMJ, 10 U.S.C. § 859(b) (2006) ("Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense.").  It is, therefore, significant that at all relevant times during Appellant's proceedings, Article 117, UCMJ, "provoking speech[]," was listed in the MCM as an LIO of Article 134, UCMJ, communicating a threat.  See MCM pt. IV, para. 110.d.(1).

We agree with the parties, that under this Court's more recent jurisprudence, Article 117, UCMJ, provoking speech, is not in fact an LIO of Article 134, UCMJ, communicating a threat. See Jones, 68 M.J at 470 (adopting the elements test and holding that an offense is an LIO of another offense only "[i]f all of

the elements of offense X are also elements of offense Y" such that the "lesser offense is literally, and hence 'necessarily,' included in the greater").  However, in our view, the entire record suggests that everyone involved in the case believed that the Article 117, UCMJ, offense was in fact an LIO of the Article 134, UCMJ, offense and that when the convening authority in this case referred the charge and specification at issue he also, by implication, intended to refer any offense listed as an LIO in the MCM.  It is the convening authority's intent that controls for purposes of R.C.M. 201(b)(3).  Also, if the convening authority perceives that the referral authority has been infringed, the convening authority may address this concern under Article 60(e)(3), UCMJ, 10 U.S.C. § 860(e)(3) (2006) ("A rehearing may be ordered by the convening authority . . . if he disapproves the findings and sentence and states the reasons for disapproval of the findings.").

In light of the facts that the convening authority had the authority to refer the offenses and that the properly convened court-martial had subject matter jurisdiction over the offenses and personal jurisdiction over the accused, the better view is that, under the facts of this case, the convening authority intended to, and did, refer any listed LIO when he referred the

United States v. Nealy, 11-0615/AR

Article 134, UCMJ, offense.[5]  We are unwilling to divest the
convening authority's properly convened court-martial of
jurisdiction over the LIOs of an offense listed in the MCM at
the time of referral.

III.  CHARGE III, SPECIFICATION 2:  ARTICLE 134, UCMJ, VIOLATION

    Appellant was also convicted, pursuant to his plea, of a
separate specification of a charged violation of Article 134,
UCMJ, communicating a threat.  As referred on June 2, 2010, the
specification to which Appellant pleaded guilty on August 9,
2010, did not allege clause 1 or 2 of the terminal element of
Article 134, UCMJ.  See R.C.M. 307(c)(3).  However, here, as in
United States v. Ballan, "[t]he Article 134, UCMJ,
specification[] [was] legally sufficient at the time of trial
and [is] problematic today only because of intervening changes
in the law."  71 M.J. 28, 34 n.4 (C.A.A.F. 2012).  As we noted
in Ballan:

> [I]n the context of a specification that was legally
> sufficient at the time of trial and to which a plea of
> guilty was entered and accepted, the real question is
> whether we will find prejudice and disturb the
> providence of a plea where the providence inquiry
> clearly delineates each element of the offense and

---

[5] This conclusion is not inconsistent with the Court's holding in
Jones, which addressed constitutional rights and the limits on
the President's ability to dictate substantive criminal law.  68
M.J. at 471-72.  Here, on the other hand, we are addressing the
interplay between presidentially listed LIOs and a
presidentially created jurisdictional prerequisite, R.C.M.
201(b)(3).

11

shows that the appellant understood "to what offense and under what legal theory [he was] pleading guilty."

Id. at 34 (quoting United States v. Medina, 66 M.J. 21, 26 (C.A.A.F. 2008)) (alteration in original). In that case, we answered this question in the negative, tested the error for prejudice, and found none. Ballan, 71 M.J. at 34-36. Applying that same framework here, we likewise conclude that Appellant was not prejudiced.

The only relevant factual difference between Appellant's Article 134, UCMJ, conviction and the conviction in Ballan is that, in Ballan, the appellant entered into a pretrial agreement and submitted a stipulation of fact prior to trial -- the latter of which contained the terminal element for each Article 134, UCMJ, specification. See id. at 31. This difference does not, however, override the fact that the properly conducted providence inquiry in this case, as in Ballan, ensured "notice of the offense of which [Appellant] may be convicted and all elements thereof before his plea [was] accepted and, moreover, protect[ed] him against double jeopardy." Id. at 35.

During the plea colloquy, the military judge described and defined clauses 1 and 2 of the terminal element of the Article 134, UCMJ, offense. Here, as in Ballan, "Appellant was required to admit that his actions violated either clause 1 or 2 of the terminal element of [the Article 134, UCMJ] offense, and he did

in fact admit that his actions were" prejudicial to good order and discipline, before his plea could be accepted by the military judge.  See id. (distinguishing Medina, 66 M.J. at 28, where the admission to clause 1 or 2 of the terminal element of Article 134, UCMJ, was superfluous).

Appellant was on notice of clause 1 of the terminal element of Article 134, UCMJ, before his plea of guilty was accepted and demonstrated that he "'clearly understood the nature of the prohibited conduct' as being in violation of clause 1" of Article 134, UCMJ.  See Medina, 66 M.J. at 28 (quoting United States v. Martinelli, 62 M.J. 52, 67 (C.A.A.F. 2005)); see also Ballan, 71 M.J. at 35.  In sum:

> [W]hile it was error in a retroactive sense to accept a plea of guilty to an Article 134, UCMJ, charge and specification, which did not explicitly or by necessary implication contain the terminal element, under the facts of this case, the showing of error alone is insufficient to show prejudice to a substantial right.

Ballan, 71 M.J. at 36 (citing Puckett v. United States, 556 U.S. 129, 142 (2009) (finding that the mere showing of error cannot be "recast" as the effect on substantial rights)).

## IV.  DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.

BAKER, Chief Judge (concurring in the result):

In the military justice system, the convening authority plays a central role as both quasi-judicial decision maker and as commander, the custodian of good order and discipline. These roles are codified in Rules for Courts-Martial (R.C.M.) 201 and 601 of the Manual for Courts-Martial, United States (MCM). R.C.M. 201(b)(3) states the following:

> (b) Requisites of court-martial jurisdiction . . . [F]or a court-martial to have jurisdiction:
>
> . . . .
>
> (3) Each charge before the court-martial must be referred to it by competent authority.

R.C.M. 601(a) complements this provision and states:

> (a) In general. Referral is the order of a convening authority that charges against an accused will be tried by a specified court-martial.

The MCM allows for referral of charges only by the convening authority, and not the staff judge advocate, the military judge or the parties themselves. This rule is jurisdictional in nature; if the charge is not referred by the convening authority, the court-martial does not have jurisdiction to proceed, whether the parties agree to jurisdiction or not. United States v. Wilkins, 29 M.J. 421, 424 (C.M.A. 1990). Charges can be referred expressly or by implication, as in the case of a lesser included offense (LIO), which is necessarily included in the referred charge, but the

greater offense must be referred.  See MCM pt. IV, para. 3.b.

In addition, this Court has recognized a doctrine of "functional

equivalence," where, as in the case of United States v. Ballan,

the process of referral is incomplete, but the intent of the

convening authority to refer is express and evidenced in some

express manner.  71 M.J. 28, 32 (C.A.A.F. 2012) (reiterating the

holding in Wilkins, 29 M.J. at 424, that the convening

authority's entry into the pretrial agreement was the

"functional equivalent" of a referral order and that it

satisfied R.C.M. 201(b)(3)).  However, before now, this Court

has not concluded that the convening authority's intent to refer

an offense to trial could be inferred, in the complete absence

of any evidence in the record of the convening authority's

intent, solely because "everyone involved believed" it had been

referred.  United States v. Nealy, __ M.J. __ (3) (C.A.A.F.

2012).  This Court should require something more than a belief

that something has been done in order to establish jurisdiction.

See R.C.M. 201(b)(3).

    Based on my dissenting opinions in United States v. Fosler,

70 M.J. 225, 240 (C.A.A.F. 2011), and United States v. Jones, 68

M.J. 465, 473 (C.A.A.F. 2010), as well as this Court's opinion

in United States v. Arriaga, 70 M.J. 51 (C.A.A.F. 2011), decided

after Jones, I conclude the specification put Appellant on

notice that the Article 117, Uniform Code of Military Justice

(UCMJ), 10 U.S.C. § 917 (2006), offense as charged was an LIO of Article 134, UCMJ, 10 U.S.C. § 934 (2006).  Therefore, consistent with R.C.M. 201 the charge was properly referred as an actual LIO of Article 134, UCMJ.  As a result, I concur in the result.  However, if Article 117, UCMJ, was not in fact an LIO, as the majority concludes, I do not see how one can reach the conclusion that the court-martial had jurisdiction under R.C.M. 201.

First, there is no indication whatsoever that the convening authority intended to refer an Article 117, UCMJ, offense to court-martial.  Thus, this case is easily distinguished from Ballan where the convening authority signed a pretrial agreement with the accused expressly indicating his intent to refer the offense later determined under Jones to be a "non-LIO." "'[I]mplicit' in the convening authority's entry into a pretrial agreement that provided for a plea of guilty to the charge and specification of indecent acts with another, in violation of Article 134, UCMJ, 'was his personal decision that the . . . charge be referred to the general court-martial.'"  Ballan, 71 M.J. at 32 (quoting Wilkins, 29 M.J. at 424) (alteration in original).  In this case, the majority concludes that the trial participants' "belief" that the Article 117, UCMJ, offense was an LIO of the Article 134, UCMJ, offense, along with the fact that Article 117, UCMJ, was listed in the MCM as an LIO of this

particular Article 134, UCMJ, offense was enough to demonstrate the convening authority's intent to refer the offense of provoking speech.

The problem with this approach is that the convening authority referred the case six weeks after Jones; so it suggests the convening authority is presumed to know the contents of the MCM, but not the case law of this Court. In reality, in the absence of any written indication whatsoever, a presumption that the convening authority intended to follow the case law is no more or less speculative than the inference that the convening authority intended to follow the MCM, which this Court had already concluded was inoperative with respect to certain LIOs. Moreover, Appellant's court-martial did not occur until four months after Jones, at which point it should have been clear to all the parties, including the military judge, that the there was no referral in this case because Article 117, UCMJ, was no longer an LIO of Article 134, UCMJ. Further, as this case was on direct appeal at the time Fosler was decided, it would seem that Appellant should get the benefit of the Fosler decision.

Second, the majority's jurisdictional conclusion is inconsistent with the analysis in Jones. In Jones, the Court concluded that the President's listing of an offense in the MCM as an LIO of another offense did not provide notice to the

4

appellant of the LIO, because only the statutory elements test could be used to determine an LIO and provide such notice. Jones, 68 M.J. at 471.[1]  However, the Court now concludes that for the purpose of jurisdiction, Article 117, UCMJ, is an LIO of Article 134, UCMJ, because it was listed in the MCM at the time, but it is not an LIO for the purposes of defining Appellant's criminal exposure or protecting against double jeopardy, because at the same time it is not an LIO under Jones.

It would seem logical that either Article 117, UCMJ, is an LIO of Article 134, UCMJ, or it is not; the answer instead is that it depends.  If the distinction is found in the fact that all parties to this case in the context of a guilty plea operated on the assumption and understanding that Article 117, UCMJ, was an LIO of Article 134, UCMJ, then it is not clear why those same facts would not have been sufficient in this Court's recent line of LIO cases where all the parties, including the military judges, operated on the understanding that the offenses in question were LIOs.

For the foregoing reasons I concur in the result, but respectfully do not join the Court's analysis in reaching that result.

---

[1] This view was later modified in Arriaga to indicate that the specification itself might provide notice as well.  70 M.J. at 55.