BAKER, Chief Judge
(concurring in the result):
In the military justice system, the convening authority plays a central role as both quasi-judicial decision maker and as commander, the custodian of good order and discipline. These roles are codified in Rules for Courts-Martial (R.C.M.) 201 and 601 of the Manual for Courts-Martial, United States (MCM). R.C.M. 201(b)(3) states the following:
(b) Requisites of court-martial jurisdiction ... [F]or a court-martial to have jurisdiction:
(3) Each charge before the court-martial must be referred to it by competent authority.
R.C.M. 601(a) complements this provision and states:
(a) In general. Referral is the order of a convening authority that charges against an accused will be tried by a specified court-martial.
The MCM allows for referral of charges only by the convening authority, and not the staff judge advocate, the military judge or the parties themselves. This rule is jurisdictional in nature; if the charge is not referred by the convening authority, the court-martial does not have jurisdiction to proceed, whether the parties agree to jurisdiction or not. United States v. Wilkins, 29 M.J. 421, 424 (C.M.A.1990). Charges can be referred expressly or by implication, as in the case of a lesser included offense (LIO), which is necessarily included in the referred charge, but the greater offense must be referred. See MCM pt. IV, para. 3.b. In addition, this Court has recognized a doctrine of “functional equivalence,” where, as in the case of United States v. Ballan, the process of referral is incomplete, but the intent of the convening authority to refer is express and evidenced in some express manner. 71 M.J. 28, 32 (C.A.A.F.2012) (reiterating the holding in Wilkins, 29 M.J. at 424, that the convening authority’s entry into the pretrial agreement was the “functional equivalent” of a referral order and that it satisfied R.C.M. 201(b)(3)). However, before now, this Court has not concluded that the convening authority’s intent to refer an offense to trial could be inferred, in the complete absence of any evidence in the record of the convening authority’s intent, solely because “everyone involved believed” it had been referred. United States v. Nealy, 71 M.J. 73, 74 (C.A.A.F. 2012). This Court should require something more than a belief that something has been done in order to establish jurisdiction. See R.C.M. 201(b)(3).
Based on my dissenting opinions in United States v. Fosler, 70 M.J. 225, 240 (C.A.A.F. 2011), and United States v. Jones, 68 M.J. 465, 473 (C.A.A.F.2010), as well as this Court’s opinion in United States v. Arriaga, 70 M.J. 51 (C.A.A.F.2011), decided after Jones, I conclude the specification put Appellant on notice that the Article 117, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 917 (2006), offense as charged was an LIO of Article 134, UCMJ, 10 U.S.C. § 934 (2006). Therefore, consistent with R.C.M. 201 the charge was properly referred as an actual LIO of Article 134, UCMJ. As a result, I concur in the result. However, if Article 117, UCMJ, was not in fact an LIO, as the majority concludes, I do not see how one can reach the conclusion that the court-martial had jurisdiction under R.C.M. 201.
First, there is no indication whatsoever that the convening authority intended to refer an Article 117, UCMJ, offense to court-martial. Thus, this case is easily distinguished from Ballan where the convening authority signed a pretrial agreement with the accused expressly indicating his intent to refer the offense later determined under Jones to be a “non-LIO.” “ ‘[I]mplicit' in the convening authority’s entry into a pretrial agreement that provided for a plea of guilty *79 to the charge and specification of indecent acts with another, in violation of Article 134, UCMJ, ‘was his personal decision that the ... charge be referred to the general court-martial.’” Ballan, 71 M.J. at 32 (quoting Wilkins, 29 M.J. at 424) (alteration in original). In this case, the majority concludes that the trial participants’ “belief’ that the Article 117, UCMJ, offense was an LIO of the Article 134, UCMJ, offense, along with the fact that Article 117, UCMJ, was listed in the MCM as an LIO of this particular Article 134, UCMJ, offense was enough to demonstrate the convening authority’s intent to refer the offense of provoking speech.
The problem with this approach is that the convening authority referred the case six weeks after Jones; so it suggests the convening authority is presumed to know the contents of the MCM, but not the case law of this Court. In reality, in the absence of any written indication whatsoever, a presumption that the convening authority intended to follow the case law is no more or less speculative than the inference that the convening authority intended to follow the MCM, which this Court had already concluded was inoperative with respect to certain LIOs. Moreover, Appellant’s court-martial did not occur until four months after Jones, at which point it should have been clear to all the parties, including the military judge, that the there was no referral in this case because Article 117, UCMJ, was no longer an LIO of Article 134, UCMJ. Further, as this case was on direct appeal at the time Fosler was decided, it would seem that Appellant should get the benefit of the Fosler decision.
Second, the majority’s jurisdictional conclusion is inconsistent with the analysis in Jones. In Jones, the Court concluded that the President’s listing of an offense in the MCM as an LIO of another offense did not provide notice to the appellant of the LIO, because only the statutory elements test could be used to determine an LIO and provide such notice. Jones, 68 M.J. at 471.[1] However, the Court now concludes that for the purpose of jurisdiction, Article 117, UCMJ, is an LIO of Article 134, UCMJ, because it was listed in the MCM at the time, but it is not an LIO for the purposes of defining Appellant’s criminal exposure or protecting against double jeopardy, because at the same time it is not an LIO under Jones.
It would seem logical that either Article 117, UCMJ, is an LIO of Article 134, UCMJ, or it is not; the answer instead is that it depends. If the distinction is found in the fact that all parties to this case in the context of a guilty plea operated on the assumption and understanding that Article 117, UCMJ, was an LIO of Article 134, UCMJ, then it is not clear why those same facts would not have been sufficient in this Court’s recent line of LIO cases where all the parties, including the military judges, operated on the understanding that the offenses in question were LIOs.
For the foregoing reasons I concur in the result, but respectfully do not join the Court’s analysis in reaching that result.

. This view was later modified in Arriaga to indicate that the specification itself might provide notice as well. 70 M.J. at 55.