# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman DANIEL G. CHAPPELL
### United States Air Force

## ACM S32027 (rem)

## 25 February 2014

Sentence adjudged 9 January 2012 by SPCM convened at Francis E. Warren Air Force Base, Wyoming. Military Judge: Scott E. Harding (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 45 days, forfeiture of $800.00 pay per month for 2 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Luke D. Wilson.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Erika L. Sleger; and Gerald R. Bruce, Esquire.

Before

ROAN, HARNEY, and WEBER
Appellate Military Judges

UPON REMAND

This opinion is subject to editorial correction before final release.

PER CURIAM:

A special court-martial composed of a military judge sitting alone convicted the appellant, in accordance with his pleas, of one specification of making a false official statement; one specification of wrongfully using marijuana; and one specification of wrongfully distributing marijuana, in violation of Articles 107 and 112a, UCMJ, 10 U.S.C. §§ 907, 912a. The military judge sentenced the appellant to a bad-conduct discharge, confinement for 45 days, forfeiture of $800 pay per month for 2 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, the appellant argued the convening authority failed to properly refer the charges to a court-martial, resulting in a jurisdictional defect that invalidates the sentence. On 22 August 2013, we issued a decision denying the appellant relief. *United States v. Chappell*, ACM S32037 (A.F. Ct. Crim. App. 22 August 2013) (unpub. op.). The appellant then filed a petition for review with the Court of Appeals for the Armed Forces. On 19 November 2013, the Court granted the appellant's petition for review on the issue of whether the Court of Criminal Appeals panel that reviewed the case was properly constituted. *United States v. Chappell*, ___ M.J. ___, No. 14-0141/AF (Daily Journal 19 November 2013). In the same order, the Court set aside our decision and remanded the case for further review and consideration of the panel constitution under Article 66(c), 10 U.S.C. § 866(c*). Id.*

Our decision today reaffirms our earlier decision dated 22 August 2013.

*Background*

On 27 December 2011, the appellant's commander preferred and served the charges and specifications on the appellant. Those charges were receipted for in Block 13 of the DD Form 458 (hereinafter "charge sheet") on the same date. The referral block, Block 14a of the charge sheet, was prepared for the staff judge advocate to sign "for the commander"; however, it was never signed. Block 15 of the charge sheet indicates that trial counsel caused a copy of the charge sheet to be served on the appellant on 27 December 2011. Trial defense counsel acknowledged receipt of the referral package, to include the charge sheet, on 29 December 2011.

*Improper Referral*

Questions of jurisdiction are reviewed de novo. *United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005). A court-martial may only consider charges properly referred to it by a convening authority. *United States v. Wilkins*, 29 M.J. 421, 423-24 (C.M.A. 1990); Rule for Courts-Martial (R.C.M.) 201(b)(3). Although referral is a jurisdictional prerequisite, the "law is well settled" that the form of the order is procedural. *United States v. Ballan*, 71 M.J. 28, 32 (C.A.A.F. 2012) (citing *Wilkins*, 29 M.J. at 424). When the error is procedural rather than jurisdictional we "test for material prejudice to a substantial right." *Id.* (citing *Alexander*, 61 M.J. at 269). Even though R.C.M. 601(e) requires the referral to be a personal order of the convening authority, it does not require the order to be in writing, nor require a signature. As our superior court explained in *Wilkins* and reiterated in *Ballan*, the "functional equivalent" of a referral order will satisfy the R.C.M. requirements. *Wilkins*, 29 M.J. at 424; *Ballan*, 71 M.J. at 32.

It is uncontroverted in the present case that the convening authority and/or his designee failed to sign Block 14a of the charge sheet. Nor was there a mutually agreed-upon pretrial agreement, as in both *Wilkins* and *Ballan*, which served as the "functional equivalent" of a referral in those cases. The record, however, is not void of the convening authority's intent to refer the charges to a special court-martial. On 27 December 2011, the date of the preferral, the convening authority selected eight primary members and three alternate members to hear the appellant's case. This was not a standing panel, but a panel selected specifically for the charges levied against the appellant. Moreover, the memorandum selecting members, signed by the convening authority, specifically states, "The charges and specifications pertaining to [the appellant] are referred to trial by special court-martial." There is no need to engage in a "functional equivalent" analysis because the convening authority patently referred the appellant's charges. Although the form of the referral was irregular, it was no less a referral.

The appellant cites a concern that such language by the convening authority was vague and did not explain which specific charges were referred to trial. *See Ballan*, 71 M.J. at 32. However, the selection memorandum explicitly referred "the charges . . . pertaining to [the appellant]." There was no confusion at trial which charges pertained to the appellant. The appellant waived the reading of the charges, no objection was raised to the charge sheet when inserted into the record by either of the appellant's trial defense counsel, no objection was raised when trial counsel stated the charges were properly referred, and the appellant was able to provide a provident guilty plea. All parties to the court understood which charges had been referred to that court.

Additionally, further evidence of the convening authority's intent to refer the charges is his 6 January 2012 review and disapproval of the appellant's Request for Administrative Discharge in Lieu of Court-Martial. That request outlined the charges facing the appellant. On that same day, the convening authority also excused some court-martial panel members and selected replacement members.

Despite the appellant's concern that the convening authority did not know the exact charges and specifications referred to trial, the record indicates otherwise. Given the totality of the circumstances in this case, there is no doubt that the convening authority understood the charges and specifications against the appellant and intended to refer the charges and specifications pertaining to the appellant to trial. The error cited by the appellant was procedural only and did not affect the validity of the convening authority's referral of charges in this case.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32027 (rem)