BAKER, Chief Judge
(concurring in the result):
I agree with the Court’s resolution of the jurisdictional issue in this case in light of the convening authority’s agreement to the express statement in the pretrial agreement that Appellant would plead “NOT GUILTY [to the Article 120, UCMJ, violation], but GUILTY to the LIO [Lesser Included Offense] of indecent acts with a child.” United States v. Ballan, 71 M.J. 28, 31 (C.A.A.F. 2012) (brackets in original). I also agree with the Court’s reliance on United States v. Medina, 66 M.J. 21 (C.A.A.F.2008), for the proposition that an accused has a right to know to what offense, and in the Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006), context, to what clause, to which he is pleading guilty. However, I adhere to my position regarding United States v. Fosler, 70 M.J. 225, 240 (C.A.A.F. 2011) (Baker, J., dissenting), and therefore concur in the result only.
With respect to the Court’s position regarding pending so-called Fosler trailers, in my view, the distinction made between a guilty plea case and a contested case is unpersuasive. It is not clear why, for example, given the same specification, proceeding on a common understanding during a guilty plea should be treated differently than proceeding on the basis of the same common understanding or judicial determination at the outset of a contested case. Yet, under this Court’s precedent, the former is not prejudicial error, while the latter is reversible error on the basis of insufficient notice — whether objection is made or not. Compare Fosler, 70 M.J. at 233 (reversible error in contested trial where accused moved to dismiss defective specification that did not plead terminal element of Article 134, UCMJ), with United States v. McMurrin, 70 M.J. 15, 20 (C.A.A.F. 2011) (reversible error under United States v. Jones, 68 M.J. 465 (C.A.A.F.2010), in contested ease where accused was improperly convicted of negligent homicide as a lesser included offense of involuntary manslaughter where no defense objection was raised to military judge’s conclusion that negligent homicide was a lesser offense of involuntary manslaughter), and United States v. Girouard, 70 M.J. 5 (C.A.A.F.2011) (reversible error under United States v. Jones, 68 M.J. 465 (C.A.A.F.2010), in contested ease where accused was convicted of negligent homicide as lesser included offense of premeditated murder where there was no objection by defense who requested instruction on negligent homicide).
A defective specification is necessarily addressed differently in the guilty plea context than in the contested trial context. In the guilty plea context, uncertainty, confusion or doubt regarding the terminal elements of Article 134, UCMJ, can be addressed during the plea inquiry, which the Court now concludes provides an accused fair notice. If the *37 accused deems the notice in this context insufficient, he is entitled to plead not guilty at the risk, of course, of potentially losing any plea agreement. In a contested case, a defective specification can be addressed at the outset through a bill of particulars, or before the close of evidence by motion, as in Fosier.[1] The key is that the accused must have the opportunity to prepare his defense and argue his case in a manner responsive to the government’s ease-in-ehief. If, in fact, the accused feels the notice provided in the specification is insufficient to prepare to meet the charges, he is free to ask the military judge for a continuance in order to fully prepare. By contrast, an instruction to the members at the close of the evidence clearly does not satisfy the fair notice requirement.
Either the issue is one of notice or it is one purely of form. However, this Court’s case law now takes the position that in a guilty plea context, the Fosler issue is one of actual notice, in which case there is no prejudice when an Article 134, UCMJ, specification omits the terminal elements, so long as the military judge explains the terminal elements. Whereas, in a contested case, the issue is one of form rather than actual notice; the same specification presents reversible error, even if the parties proceed with actual notice that the offense is based on either clause (1) or (2), of Article 134, UCMJ, or both.
In my view, the issue is the same in either context. Fair notice under the due process clause, which is surely demonstrated by actual notice, is satisfied whether that notice comes in the form of the plea colloquy, mutual agreement between the parties, or by judicial determination before or during the trial.

. This is a trailer issue. In the future, such Fosler issues can surely be addressed in the manner outlined in footnote 8 of the majority opinion.