# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 ROBERT A. LYON**
**United States Army, Appellant**

ARMY 20090792

Headquarters, United States Army Alaska
Michael J. Hargis and Donna M. Wright, Military Judges
Lieutenant Colonel John T. Rawcliffe, Acting Staff Judge Advocate (pretrial)
Lieutenant Colonel Randall J. Bagwell, Staff Judge Advocate (recommendation & addendum)

For Appellant:  Captain Richard M. Gallagher, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Jonathan F. Potter, JA; Major Laura R. Kesler, JA; Captain E. Patrick Gilman, JA (on brief).

For Appellee:  Captain Edward J. Whitford, JA (argued); Major Amber J. Williams, JA; Major Sara M. Root, JA; Captain Christopher L. Simons, JA (on brief).

17 August 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

BORGERDING, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of aggravated assault of a child who has attained the age of 12 years but has not attained the age of 16 years, one specification of sodomy, two specifications of willful disobedience of a superior commissioned officer, one specification of wearing unauthorized insignia, one specification of wrongful appropriation of a military motor vehicle, and one specification of failing to go to his place of duty, in violation of Articles 86, 90, 120, 121, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 920, 921, 925, 934 (2006) [hereinafter UCMJ].  *See Manual for Courts-Martial, United States* (2008 ed.).  The military judge sentenced appellant to a bad-conduct discharge, confinement for three years, and reduction to the grade of E-1.  The convening authority reduced the amount of confinement to two years and six months

and otherwise approved the adjudged sentence. The convening authority also credited appellant with 49 days of confinement credit against the sentence to confinement.

On 8 August 2011, this court issued a decision affirming the findings and sentence in this case. *United States v. Lyon*, ARMY 20090792 (Army Ct. Crim. App. 8 Aug. 2011) (mem. op.). On 11 January 2012, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). On 28 February 2012, this court issued a memorandum opinion in which we again affirmed the findings and sentence in this case after both a review of appellant's original assignments of error, and a review of the case in light of *Fosler*. *United States v. Lyon,* ARMY 20090792 (Army Ct. Crim. App. 28 Feb. 2012) (mem. op).

On 10 July 2012, our superior court reversed the portion of our decision as to Charge IV and its specification and as to the sentence, and affirmed our decision as to the remaining charges and specifications. The court returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is once again before this court for review under Article 66, UCMJ.

## LAW AND DISCUSSION

The Specification of Charge IV, alleging that appellant wrongfully wore a Ranger tab on his uniform without authority, fails to allege the terminal elements of Article 134, UCMJ, specifically that appellant's conduct was prejudicial to good order and discipline or service-discrediting. Pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), and *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012), it was error to omit the terminal elements from this specification. However, we find that appellant suffered no material prejudice to his substantial rights because "notice of the missing element is somewhere extant in the trial record." *Humphries*, 71 M.J. at 215. As a result, appellant had fair notice that the government was required to prove one or both of the alternative terminal elements of Article 134, UCMJ, despite their absence in the pleadings.

During the Government case-in-chief, the trial counsel put on specific evidence to prove that appellant's conduct was prejudicial to good order and discipline through the testimony of Sergeant First Class (SFC) MK. Sergeant First Class MK was the Rear Detachment First Sergeant for appellant's unit and had been in the Army for nineteen years at the time of trial. During SFC MK's direct testimony, trial counsel asked him "what kind of effect would it have on the unit, for someone to—to walk around, wearing things that they weren't authorized to wear?"

At this point, trial defense counsel objected to the question alleging that it was merely speculation on the part of SFC MK.  The military judge replied:

> No.  He's the First Sergeant.  And I think the Government
> has to prove that it's prejudicial to good order and
> discipline.  So I think this is one way for them to do it.  I
> don't think it's speculation, on the First Sergeant's part.
> He's been in the Army nineteen years.

The trial counsel then repeated his question, this time specifically asking SFC MK about the effect someone wearing a Ranger tab who was not Ranger qualified would have on the unit.  Sergeant First Class MK then gave a lengthy answer describing how the value of the Ranger tab (and other honors) would be diminished and thus would have a negative effect on the unit.[1]  Based on SFC MK's testimony, we find that appellant was reasonably placed on notice as to "which terminal element or theory of criminality the Government pursued" at trial.[2]  *Humphries*, 71 M.J. at 216.

Our holding is further supported by the defense trial strategy regarding Charge IV and its specification.  A main point of contention at trial regarding this specification was whether appellant wore the tab to a wedding he attended with KA, as the government claimed, or whether he put the tab on only to get his picture

---

[1] While this testimony is "evidence from which a reasonable trier of fact could conclude that [appellant's] conduct satisfied either clause 1 or 2 of the terminal element of Article 134, UCMJ," it is *also* evidence that appellant "was on notice of the Government's theory of guilt with respect to the terminal element." *Humphries*, 71 M.J. at 216 n.8.

[2] In addition, trial counsel referenced SFC MK's testimony in his closing argument, making it clear to all parties as to what clause of the terminal element of Article 134, UCMJ, the government was pursuing:

> And you heard from Sergeant [K] that, in fact, someone who is not
> authorized to wear insignia and actually wears that insignia creates a
> negative impact on the unit.  It's prejudicial to good order and discipline
> because it gives the Soldiers the idea that they can just---basically, as he
> called it, become a PX Ranger, or a PX anything.  They can figure out
> what they want to be and just go and buy it from the PX.

We acknowledge our superior court's questioning as to whether or not such notice could be sufficient at this point in the proceeding. *Humphries*, 71 M.J. at 216 n.9. We cite this portion of the record only as *further* evidence that "notice of the missing element is somewhere extant in the trial record." *Id.* at 215.

taken, in the privacy of KA's home.[3]  The defense did not contest the facts of the specification, conceding that it was appellant wearing the tab in the picture and that he was not authorized to wear the tab.[4]  Instead, the defense contested the terminal element of Article 134, UCMJ, as evidenced by trial defense counsel's cross-examination questions regarding whether or not appellant had the tab on at the wedding and appellant's testimony that he did not wear the tab at the wedding (and had no idea KA would post the picture of him wearing the tab online).  This tactic indicates that appellant was on notice that the government had to prove the wear of the Ranger tab was prejudicial to good order and discipline or service discrediting and that he needed to (and did) defend against this element.

Trial defense counsel's closing argument gives a summation of the defense strategy at trial, conceding guilt to the terminal element if the government's claim was true:

> DC: [i]t would be one thing if there was sufficient proof that he was wearing the Ranger tab in front of a bunch of people in a public forum like that—at a public event. That's clearly conduct that could be prejudicial to good order and discipline, or service discrediting depending upon the makeup of that public forum, but at the house joking around briefly, taking a quick picture by [KA], that doesn't amount to prejudice to good order and discipline or service discrediting misconduct.

---

[3] The government offered Prosecution Exhibit (PE) 9, a picture of appellant pointing to the Ranger tab he was wearing on his Class A uniform, as evidence of this charge. Although appellant denied wearing this tab in public to a wedding, we find this specification to be legally and factually sufficient. *Jackson v. Virginia*, 443 U.S. 307 (1979); *United States v. Turner*, 25 M.J. 324, 327 (C.M.A. 1987).  Despite appellant's testimony, two other witnesses testified that they saw him wearing the Ranger tab, at the wedding, in the presence of other people, some of whom were members of the military.

[4] Appellant testified on direct examination:

> ACC: It was—I've always wanted to be a Ranger so, you know, I collect Ranger things… She (KA) thought it would be---you know, we thought it would be funny to put it on and take a picture of it. So she pinned it on, with a—with the little nail she told you about.  Then, after that, took it off.  Little did I know that she was going to post the picture up, on the website, sir.

LYON—ARMY 20090792

This argument goes beyond merely pointing out that the government failed to present evidence of prejudice to good order and discipline or service discredit as was the case in *Humphries*. *Humphries* at 217. Rather, this argument is the culmination of the defense strategy at trial to defend against the Specification of Charge IV by contesting the terminal element of Article 134, UCMJ.

After reviewing the record in its entirety we find that under the totality of the circumstances in this case, the government's error in failing to plead the terminal element of Article 134, UCMJ, did not result in material prejudice to appellant's substantial, constitutional right to notice. *Humphries*, 71 M.J. at 215 (citing *United States v. Girouard*, 70 M.J. 5, 11–12 (C.A.A.F. 2011); *United States v. McMurrin*, 70 M.J. 15, 19–20 (C.A.A.F. 2011); *Fosler*, 70 M.J. at 229).

## CONCLUSION

On consideration of the entire record, and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we hold the findings of guilty to the Specification of Charge IV, and Charge IV, correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

Senior Judge COOK and Judge GALLAGHER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5