# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class WILLIAM J. PISER**
**United States Army, Appellant**

ARMY 20110723

Headquarters, United States Army Maneuver Center of Excellence
Stephen E. Castlen, Military Judge
Colonel Mary M. Foreman, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA (on brief and reply brief).

For Appellee: Major Robert A. Rodrigues, JA; Major Catherine L. Brantley, JA; Captain Jessica J. Morales, JA (on brief).

13 March 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of drunken operation of a motor vehicle causing injury to others, one specification of involuntary manslaughter, one specification of negligent homicide, and three specifications of reckless endangerment, in violation of Articles 111, 119, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 911, 919, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for five years, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before our court for review under Article 66, UCMJ. In his sole assignment of error, appellant alleges Specification 1 of Charge III (negligent homicide) was unreasonably multiplied with the Specification of Charge II and Charge II (involuntary manslaughter). This assignment of error merits discussion and relief.

## LAW AND DISCUSSION

In the Specification of Charge II, appellant was charged with involuntary manslaughter in violation of Article 119, UCMJ. The specification alleged appellant "on or about 19 November 2010, by culpable negligence, unlawfully killed PV2 SS by driving under the influence of alcohol and over the posted speed limit . . . ." Additionally, in Specification 1 of Charge III, appellant was charged with negligent homicide in violation of Article 134, UCMJ. That specification alleged appellant, "on 19 November 2010, unlawfully killed PV2 SS by negligently operating a vehicle, to wit: driving a motor vehicle while under the influence of alcohol and over the posted speed limit . . . ." At trial, the defense did not object to these specifications as being an unreasonable multiplication of charges. However, the military judge *sua sponte* found the specifications to be multiplicious for sentencing.

Pursuant to Rule for Courts-Martial 307(c)(4), "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." This principle is well established in military law. *United States v. Quiroz*, 55 M.J. 334, 336–37 (C.A.A.F. 2001). Thus, even where two charges are not technically multiplicious under the elements test:

> [t]he prohibition against unreasonable multiplication of
> charges has long provided courts-martial and reviewing
> authorities with a traditional legal standard —
> reasonableness — to address the consequences of an abuse
> of prosecutorial discretion in the context of the unique
> aspects of the military justice system.

*Id*. at 338.

In *Quiroz*, our superior court listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an
> unreasonable multiplication of charges and/or
> specifications?;
>
> (2) Is each charge and specification aimed at distinctly
> separate criminal acts?;
>
> (3) Does the number of charges and specifications
> misrepresent or exaggerate the appellant's
> criminality?;

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*Id*. at 338 (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly.").

In regards to the first *Quiroz* factor, appellant did not raise this issue at trial, and we, therefore, find this factor does not favor appellant. However, failure to raise this issue at trial is not dispositive. *United States v. Gilchrist*, 61 M.J. 785, 789 (Army Ct. Crim. App. 2005); *Quiroz*, 55 M.J. at 338. We also do not find in appellant's favor in regards to the fourth *Quiroz* factor. At trial, the military judge found the two specifications to be multiplicious for sentencing and merged the specifications for purposes of sentencing. Thus, the specifications did not unfairly increase appellant's punitive exposure. Likewise, regarding the fifth *Quiroz* factor, we do not find in appellant's favor because there is no evidence of prosecutorial overreaching or abuse. Instead, as the defense recognizes, it is likely the government utilized alternative theories of charging due to the decision by the Court of Appeals for the Armed Forces, in *United States v. McMurrin*, 70 M.J. 15 (C.A.A.F. 2011), which held negligent homicide was not a lesser-included offense of involuntary manslaughter.

In regards to the remaining *Quiroz* factors, however, we find in favor of appellant. As to the second factor, each specification is not aimed at distinctly separate criminal acts. Rather, both specifications criminalize appellant's one act of causing the death of PV2 SS. Further, the third *Quiroz* factor is especially relevant here because appellant currently stands convicted twice for causing the death of but one person. Such a result exaggerates appellant's criminality.

We therefore hold there was an unreasonable multiplication of charges in this case. *See United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (noting one or more factors may be sufficiently compelling, without more, to warrant relief.). Accordingly, we will take appropriate action in our decretal paragraph.

## CONCLUSION

The finding of guilty of Specification 1 of Charge III (negligent homicide) is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include

3

PISER—ARMY 20110723

the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence approved by the convening authority is affirmed.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4