# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, PENLAND and FEBBO
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MARSHALL D. DRAKE, JR.**
**United States Army, Appellant**

ARMY 20130414

Headquarters, U.S. Army Alaska
Stefan Wolfe, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate (pretrial)
Colonel Erik L. Christiansen, Staff Judge Advocate (post-trial)

For Appellant:  Captain Heather L. Tregle, JA; Mr. William E. Cassara, Esquire (on brief); Captain Heather L. Tregle, JA; Mr. William E. Cassara, Esquire (on reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Steven J. Collins, JA; Captain Scott L. Goble, JA (on brief).

31 October 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

Appellant and Private First Class (PFC) GW, the victim, were drinking in the barracks on Christmas Eve 2012 and into the early morning hours of Christmas Day. In their drunkenness, they decided to wake another soldier, Private (PV2) DH, who was new to the unit so he would not be alone.  After waking PV2 DH the trio returned to appellant's room.

Once back in appellant's room they discussed music and appellant produced his personally-owned .45 caliber handgun.  Appellant dropped the magazine and cleared the slide in order to render the weapon safe.  The weapon was passed between the three soldiers who took turns cocking it and dry-firing it.  Tragically, at some point a round was inserted into the weapon and, while engaged in horse-play, appellant shot PFC GW in the head, instantly killing him.

A military judge sitting as a general court-martial convicted appellant, in accordance with his plea, of two specifications of a violation of a lawful general regulation, and contrary to his plea of a merged specification of involuntary manslaughter by culpable negligence in violation of Articles 92 and 119, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 919 (2006 & Supp. V 2012) [hereinafter UCMJ]. The court sentenced appellant to a dishonorable discharge, confinement for eleven years and nine months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority reduced the amount of confinement to ten years and otherwise approved the sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises three allegations of error; only two merit discussion and none merit relief. Appellant first asks this court to dismiss the negligent homicide charge rather than approve the merger with manslaughter. We decline to do so. Appellant also asks we provide appropriate relief to remedy the dilatory post-trial processing of his case. We disagree that relief is appropriate under the facts in this case.

**LAW AND DISCUSSION**

*A. Unreasonable Multiplication of Charges*

Appellant alleged at trial, and again on appeal, that the charged violation of Article 119, UCMJ, involuntary manslaughter, was an unreasonable multiplication of charges with the charge of Article 134, UCMJ, negligent homicide, in that both stem from the same event. The appellant filed a pretrial motion seeking a dismissal of the negligent homicide charge or, alternatively, that "Charge II and Charge III be treated as one for sentencing purposes." The military judge ruled that "[t]he charges are not multiplicious, as each contains an element that the other does not" (culpable negligence and prejudicial to good order and discipline). The judge further ruled: "However, after findings, if the accused is convicted of both offenses, the defense may request that the specifications be merged."

After findings, but before argument on sentencing, the following exchange took place between the military judge and the defense counsel:

> MJ: I apologize. Before you begin, Defense, do you have any motions regarding Charges II and III for findings? I meant to address this earlier.
>
> DC: Yes, Your Honor. We made a motion, pretrial, in order to, essentially combine those.

> MJ: I just didn't rule on that motion on the record. And before counsel argue, I'm merging Charges II and III for findings.

> DC: Thank you, Your Honor.

Appellant now requests dismissal of Charge III, the negligent homicide, and reduction in the sentence of one year of confinement.

Appellant stands convicted of a single charge related to the death of SPC GW, involuntary manslaughter. The "merged specification" adds the element of "under the circumstances, this conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces." The maximum penalty to confinement appellant faced in sentencing was twelve years-ten years for the involuntary manslaughter charge, and two years for the two violations of a lawful general regulation regarding the weapon in the barracks. The merging of the two homicide charges did not increase his punitive exposure.

A military judge's decision to deny relief for unreasonable multiplication of charges is reviewed for an abuse of discretion. *United States v. Campbell*, 71 M.J. 19, 22 (C.A.A.F. 2012) (citing *United States v. Pauling*, 60 M.J. 91, 95 (C.A.A.F. 2004); *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001).

Subsequent to our superior court's decision in *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010), no Article 134, UCMJ, offense has been found to be a lesser-included offense of an enumerated offense. Dealing specifically with the issue of whether negligent homicide is a lesser-included offense of manslaughter, the Court of Appeals for the Armed Forces (CAAF) held in *United States v. McMurrin* that negligent homicide was not a lesser-included offense of manslaughter and set aside the conviction for negligent homicide that was not a charged offense. 70 M.J. 15 (C.A.A.F. 2010).

In this case, the military judge correctly decided the multiplicity issue regarding the manslaughter and the negligent homicide with the later not being a lesser-included offense. By merging the two charges into one offense, the military judge preserved negligent homicide as a lesser-included offense in the event an appellate court reversed the involuntary manslaughter conviction. We affirm the ruling by the military judge.

### B. Post-Trial Delay

The convening authority took action in appellant's case 623 days after the sentence was adjudged, and the government concedes 598 are attributable to the

government.[1]  The record in this case consists of five volumes, and the trial transcript is 376 pages.  Appellant through his defense counsel made four separate requests for speedy post-trial processing.[2]  Additionally in appellant's clemency matters he requested a "ninety day reduction in the confinement sentence" to remedy this post-trial failure.  The staff judge advocate (SJA) recommended thirty days credit.  The convening authority granted an unexplained reduction in confinement of twenty-one months, reducing the sentence to confinement to ten years.

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing.  UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

Relief for unreasonable post-trial delay is most appropriately resolved at action by convening authorities.  "Assuming, arguendo, that the delay in post-trial processing of appellant's case was unreasonable, specific relief granted by the convening authority to compensate for such delay normally moots any need for further relief from this court."  *United States v. Bauerback*, 55 M.J. 501, 507 (Army Ct. Crim. App. 2001).  Here, appellant requested a ninety-day reduction in his sentence to confinement due to post-trial processing.  The staff judge advocate recommended the convening authority reduce appellant's sentence by one month.  Although the convening authority granted appellant a twenty-one month reduction in confinement, the action does not provide a breakdown indicating if any part of this relief was attributable to the post-trial delay.  We note, however, that the convening authority acknowledged that he considered appellant's lengthy clemency package, which included fifty-six attachments, to include appellant's four speedy post-trial processing requests, and appellant's personal submission which discussed the post-trial delay at some length.  We cannot say with certainty that a modicum of the convening authority's action reflects a reduction for post-trial delay.  However, as we found no due process violation in the delay, we need not speculate as what, if

---

[1] We note that the staff judge advocate at the time of action was not responsible for the majority of post-trial delay in this case.

[2] Appellant requested speedy post-trial processing on 13 May 2013, 12 August 2013, 3 February 2014, and finally on 19 May 2014.  The convening authority took Action on 15 January 2015.

DRAKE—ARMY 20130414

any, part of the sentence reduction is attributable to the delay. We find a ten year sentence to confinement is appropriate and affirm it accordingly.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court