# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, TOZZI, and HERRING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E-1 BENJAMIN C. HILL**
**United States Army, Appellant**

ARMY 20130331

Headquarters, III Corps and Fort Hood
Kirsten V. Brunson, Military Judge (arraignment and trial)
Patricia H. Lewis, Military Judge (motion to dismiss)
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Major Yolanda McCray Jones, JA; Captain Ryan T. Yoder, JA (on brief); Major Christopher D. Coleman, JA; Captain Ryan T. Yoder, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Major Matthew T. Grady, JA (on brief).

27 June 2017

-------------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-------------------------------------------------------------------

Per Curiam:

A military panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications each of violating a lawful general regulation, aggravated sexual contact, and housebreaking in violation of Articles 92, 120, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, 930 (2006 & Supp. IV 2011). The panel sentenced appellant to a bad-conduct discharge and confinement for two years. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge and confinement for one year and eleven months and credited appellant with eighty-four days of confinement against the sentence to confinement.

We decided this case on 23 June 2016. *See United States v. Hill*, ARMY 20130331, 2016 CCA LEXIS 407 (Army Ct. Crim. App. 2016) (sum. disp.). On 27 June 2016, the Court of Appeals for the Armed Forces (CAAF) issued the landmark

opinion of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016). On 12 July 2016, appellate defense counsel filed a motion for reconsideration of our opinion in light of *Hills*, and we granted that motion. Now that the proverbial dust has settled around *Hills* and its progeny, we address the new case law, but conclude trial defense counsel waived the erroneous *Hills* instruction. *See also United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017).

## FACTS

In the spring of 2011, appellant, Private First Class (PFC) MA, and PFC JW were assigned to a unit nicknamed "Crazy Troop" located at Contingency Operating Site (COS) Marez, Iraq. Both PFC MA and PFC JW were new to the unit. On 20 March 2011, PFC MA awoke to being held down by three individuals, including appellant, who had entered his room without his permission. Private First Class MA testified that as the individuals held him down, they pulled his pants down and one of them put his finger in PFC MA's anus. Private First Class MA believed it was appellant because appellant's "hand was in that area." Private First Class MA testified that he fought to get away the whole time, but could not. The incident lasted less than a minute.

Private First Class JW was PFC MA's roommate, but was on leave on 20 March 2011. Between 14 and 20 April 2011, appellant and other soldiers entered PFC MA and PFC JW's containerized housing unit (CHU) without permission. They held PFC JW down and took off his pants. Appellant "shoved multiple fingers up [PFC JW's] butt." Again, the attack lasted less than a minute. Private First Class MA witnessed the attack from his bed, but was afraid to try and stop it. Both PFC JW and MA later reported the incidents to their chain of command.

## LAW AND DISCUSSION

### A. *Military Rule of Evidence 413 at Trial*

Prior to trial, the government filed a motion in limine asking the court to admit propensity evidence under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413. Specifically, trial counsel asked the court to use the charged offenses of aggravated sexual contact as propensity evidence of each other. The motion provides an analysis of the *Wright* test and addresses the balancing test under Mil. R. Evid. 403. *United States v. Wright*, 53 M.J. 476, 483 (C.A.A.F. 2000). Trial defense counsel did not object to this motion and the military judge then granted it with no further discussion.

During the discussion on instructions, trial counsel asked for "the 413 instruction," specifically for using the identity in one incident to prove identity in the other incident as well as the propensity instruction. Trial defense counsel did not object to this instruction.

Finally, trial counsel made reference to these instructions in his closing argument, telling the panel that they did not need to "evaluate each [specification] in a vacuum . . . if you believe that one happened, even if you're not certain, but just think more likely than not that it happened, you can use that when evaluating whether or not the other one happened, and vice-versa." Trial defense counsel made no objection to this argument.

### B. United States v. Hills *and Its Progeny*

The CAAF made clear in *Hills* that Mil. R. Evid. 413 propensity evidence and use do not apply between charged misconduct, and it was error to instruct the panel so. 75 M.J. at 354. The CAAF clarified in *Hukill* that to use Mil. R. Evid. 413 as a mechanism for propensity is error "regardless of the forum, the number of victims, or whether the events are connected." 76 M.J. at *8. Notably, defense counsel in both *Hills* and *Hukill* objected to such propensity usage. The CAAF then analyzed the error as one of constitutional error, and tested for harmlessness beyond a reasonable doubt. *Hills*, 75 M.J. at 353. Here, defense counsel stated he had no objection to the propensity instruction given to the panel, nor did he object to the brief portion of the government's closing argument addressing propensity.

### C. Waiver

An appellant's statement that he did not object to the instructions is a "purposeful decision" and waiver will apply. *United States v. Gutierrez*, 64 M.J. 373, 377 (C.A.A.F. 2007). This scenario is at least true in circumstances where appellant "was fully aware of the [issue], and he had numerous opportunities to contest its admission and use." *United States v. Swift*, 76 M.J. 210, slip. at 12 (C.A.A.F. 2017).

However, most controlling is the CAAF's recent decision in *Swift*. Appellant's statement that he had "no objection" to the instructions "as a general proposition of law . . . constitute[d] an affirmative waiver of the right or admission at issue." *Swift*, 76 M.J. at *12. We therefore find appellant waived, not forfeited, any objection to the instructions and government argument. *See also United States v. Ahern*, 76 M.J. 194 (C.A.A.F. 2017).

### D. Plain Error

*Hukill* could be interpreted as stating that *Hills* announced a new rule. If *Hills* is a new rule, we would set aside appellant's waiver and test for plain error. *See United Stats v. Harcrow*, 66 M.J. 154, 159 (C.A.A.F. 2008) (testing for plain error after finding *Crawford v. Washington*, 541 U.S. 36 (2004), announced a new rule). However, a "new rule" does not transform "waiver" into preserved error. *See United States v. McMurrin*, 70 M.J. 15 (C.A.A.F. 2011) (testing for plain error when

appellant was convicted of lesser-included offense that was invalid based on the Court's subsequent opinion in *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010)).

Appellant would not prevail in this case even under a plain error analysis. To establish plain error, appellant must show that: (1) an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights. *United States v. Paige*, 67 M.J. 442, 449 (C.A.A.F. 2009).

*Hills* and *Hukill* made clear the error committed in this case. While we do not find *Hills* to have been a "new rule" because it did not overturn settled law, we do find that post-*Hills*, a *Hills* instruction is plainly wrong. Therefore, this prong also weighs in appellant's favor.

The third and final prong of the plain error test is prejudice. A finding or sentence of a court-martial "may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." UCMJ art. 59(a).

Appellant here fails to demonstrate prejudice in a court-martial where the issue of propensity was of such fleeting importance. The defense theory of the case was innocent horseplay and the victims lack of specificity (as in perhaps mistaken identity) and credibility. Tellingly, the panel convicted appellant of housebreaking pursuant to Article 130, UCMJ. Housebreaking requires the unlawful entry with the intent to commit a criminal offense. Here, the crime intended upon unlawful entry was not hazing or assault, it was aggravated sexual contact. As the panel convicted appellant of twice having the intent of committing aggravated sexual contact without the stain of propensity, it is a fair reading of the record and findings that the issue of propensity did not factor into their finding of appellant guilty of the underlying specifications of aggravated sexual contact without.

## CONCLUSION

The findings and sentence are correct in law and fact and are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court